UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAELLE BALOGH, C.C. and H.K.,

Plaintiffs,

v. Case No: 8:14-cv-2828-T-36TBM

CHRIS NOCCO, TODD KOENIG,
MONICA CONTRERAS and
CHRISTOPHER GREIFENBERGER,

Defendants.
______________________________________/

**ORDER**

This matter comes before the Court upon review of the file. The Court finds that supplemental briefing is necessary to properly and thoroughly adjudicate the Defendants' Motion for Summary Judgment (Doc. 94). In Counts VII and VIII of the First Amended Complaint, Balogh brings claims for violation of her right to privacy under § 1983, the Fourth Amendment and Article 1 § 23 of the Florida Constitution. *See* Doc. 32 at ¶¶ 71-77. Balogh alleges that Defendants Koenig, Contreras, and Greifenberger violated her right to privacy because they entered her private residential home, where she had an expectation of privacy, without a warrant. *Id*. at ¶¶ 72, 75.

In their Motion for Summary Judgment, Defendants argue that C.C.'s consent to enter the home eliminates Balogh's right to privacy claims even if Balogh later withdrew consent after entry. Doc. 94 at 31. As to the state law claim, Defendant argues that the consent to enter, probable cause to remove the children, and the lack of bad faith, malice, or wanton and willful disregard of human rights, safety, or property entitle Defendants to immunity under § 768.28(9)(a). *Id*. (citing *Willingham v. City of Orlando*, 929 So. 2d 43 (Fla. 5th DCA 2006)).

Balogh counters by arguing that consent to enter the home did not exist. And even if the Court found that it did exist, Balogh withdrew it "within seconds" of seeing the Officers in the home, and no exigent circumstances existed for the warrantless entry into the home. *See* Doc. 101 19-24.

Outside of these arguments, the parties have not completely briefed the issue of Balogh's right to privacy under § 1983, the Fourth Amendment, and Florida law. Given the complex nature of the issues in this case, and the Court's desire to be thorough in its analysis, the Court directs the Defendants to file a supplemental brief addressing Counts VII and VIII of Plaintiffs' First Amended Complaint regarding Balogh's right to privacy claims under federal and state law. Balogh will have an opportunity to respond.

Accordingly, it is **ORDERED** that within seven (7) days, Defendant shall supplement the record in this case with briefing regarding Balogh's right to privacy claims. Plaintiff shall have seven (7) days thereafter in which to respond to the supplemental brief.

The Court will defer a ruling on the Motion for Summary Judgment (Doc. 94) until the supplemental briefing is complete.

**DONE AND ORDERED** in Tampa, Florida on March 31, 2017.

Charlene Edwards Honeywell

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any